No. 727

First Circuit

McNEESE v. RISTON & PRIDGEN

(March 3, 1931.  Opinion and Decree.)

M. R. Stewart, of Lake Charles, attorney for plaintiff, appellee.

Pujo, Bell & Hardin, of Lake Charles, attorneys for defendants, appellants.

LeBLANC, J. Plaintiff sues the defendants for the sum of $173.62 less a credit of $37, for hauling some 34,000 feet of logs during the month of June, 1929, at an alleged contract price of $5 per thousand feet.

The defense is one of full and complete settlement of all accounts between the plaintiff and defendants, arising out of a contract entered into on June 17, 1929. Two documents, one in the form of a sale of seven mules, a log-wagon and harness to the defendants, signed and executed by the plaintiff, for all amounts due by him, and the other, a receipt therefor signed and executed by the defendants, both dated June 17, 1929, are filed in evidence in the record.

On objection duly made, the trial judge at first, in the absence of any allegation of fraud or error, restricted the parties to the written contract of settlement, but thereafter, because, as he states, the case seemed to resolve itself into an issue, as presented by the answer, as to whether the hauling of certain logs had been included in the settlement, permitted the introduction of evidence on this point. Out of a lot of conflicting testimony on this issue, he came to the conclusion that the hauling of the logs by plaintiff after the time of the signing of the agreement on June 17, 1929, had not been included in the terms of their settlement, and he was therefore entitled to recover for that part of his work less an amount paid by the defendants for labor. The judgment does not so state, but it appears that the district judge took an average day's haul which amounted to $27.50 and deducted $10.50 which the defendants paid for the drivers, and rendered judgment based on these figures.

The defendants appealed and plaintiff answered, asking for an increase in the amount of the judgment to the sum he had originally prayed for.

Had we to rely entirely on the plaintiff's own testimony, the confusion we find ourselves in after reading it, might lead us to a different conclusion than that reached by the lower court. A careful consideration of the whole record, however, satisfies us, as it did the district judge, that the hauling of the unscaled logs after the signing of the agreement was not intended to be included therein and that plaintiff is entitled to some relief.

We think that the manner in which the court arrived at the amount, in view of the difficulty in ascertaining it with any degree of exactitude, does substantial justice between these parties, and that the judgment should stand as it is.

For these reasons the judgment of the lower court is affirmed at the appellant's cost.